UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANTHONY JAMES TIPTON,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CATHY REYES, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No. 3:13-CV-0530-MMD (VPC)<br><br>REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). For the reason set forth below, it is recommended that plaintiff's complaint be dismissed with prejudice.

### I. BACKGROUND

On September 25, 2013, plaintiff filed a civil rights complaint with the court alleging "… every civilian and government person all the way up to the President Barack Obama have been in my head." (#1). Plaintiff also apparently seeks, among other things, that this court order relief in the amount of "everything I own, everything I created, made, manifested, inherited, and lost at 1,000 fold . . . ." *Id*.

Plaintiff has filed an application to proceed *in forma pauperis* together with a civil rights complaint (#1). In his application and financial affidavit, plaintiff states that he does not "know exactly" what his take home pay is but "it's a lot, but the government is blocking [him] from receiving it." *Id*. Plaintiff also states that he has other income of "trillion[s] if not billions!" and assets worth "roughly [a] trillion" that the "feds stole." *Id*. Because plaintiff apparently has no access to money, the court recommends that the motion for *in forma pauperis* be granted.

However, the court finds that plaintiff's complaint fails to state a claim upon which relief may be granted, and is in fact frivolous. Therefore, the court recommends that plaintiff's complaint be dismissed with prejudice.

## II. DISCUSSION & CONCLUSION

Pursuant to 28 U.S.C. §1915(e)(2), a federal court must dismiss a case in which *in forma pauperis* status is granted, "if the allegation of poverty is untrue," or the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under §1915 when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Inter'l v. Arizona Corp. Comm.*, 720 F.2d 578 (9th Cir. 1983). In considering whether a plaintiff has stated a claim upon which relief may be granted, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037 (9th Cir. 1980). Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972)(per curiam).

However, if it appears to a certainty that a plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint, the court may *sua sponte* dismiss the complaint or portions of it. *Halet v. Wand Investment Co.*, 672 F.2d 1305 (9th Cir. 1982). All or part of a complaint filed *in forma pauperis* may therefore be dismissed *sua sponte* if the claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist) as well as claims based on fanciful factual allegations, (e.g., fantastic or delusional scenarios).

The caption of plaintiff's complaint lists the defendants as three individuals, the "United States of America, and every other country in the world." As stated above plaintiff alleges "...

every civilian and government person all the way up to the President Barack Obama have been in my head." (#1). Plaintiff also apparently seeks, among other things, that this court order relief in the amount of "everything I own everything I created made, manifested, inherited, and lost at 1,000 fold . . . ." *Id*.

The court concludes that plaintiff's claims are based on conclusions that are untenable, fantastical, or delusional scenarios. Therefore, it is recommended that plaintiff's complaint be dismissed with prejudice.

The parties are advised:

1. Pursuant to 28 U.S.C § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**III. RECOMMENDATION**

IT IS THEREFORE RECOMMENDED that the district court enter an order as follows:

1. GRANTING plaintiff's motion to proceed in forma pauperis (#1);
2. ORDERING the Clerk to file and docket plaintiff's complaint (#1-1); and
3. DISMISSING plaintiff's complaint WITH PREJUDICE.

DATED: May 16, 2014.

_____
UNITED STATES MAGISTRATE JUDGE